UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

CASE NO. 95-80041
HON. LAWRENCE P. ZATKOFF

vs.

BARBARA LUCILLE LENOX,

          Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on July 5, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss and for Destruction of Fingerprints and Arrest Card (Docket #169). The Government has filed a response, and the period for filing a reply has expired. The facts and legal arguments are adequately set forth in the documents submitted by the parties. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(f)(2), this Court ORDERS that Defendant's Motion be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion is DENIED.

**II. BACKGROUND**

Defendant was arrested on or about June 26, 1995, on an indictment charging her with: (1) conspiracy to possess with intent to distribute and to distribute a controlled substance, and (2) distribution of a controlled substance. According to Defendant, on July 11, 1995, "it was determined that defendant was not the person who committed the crime," as someone using her identification

had committed the crime. In reviewing the docket in this case, it appears that the Court: (1) reviewed a motion to dismiss the indictment as to Defendant on August 28, 1995, and (2) entered an order dismissing the indictment against Defendant the same day. *See* Docket Entry 73. In addition, the docket sheets in this case expressly state, immediately below Defendant's name on page 4, "TERMINATED: 08/28/1995."

Defendant states that when she attempted to secure a position with the United States Census Bureau in 2010, she was told that she had a pending federal charge on her record. Therefore, on January 10, 2011, Defendant filed the instant motion "seeking to have the dismissal [of the federal charges against her] properly entered into the system if it has not already been done so[,] as well as to order the destruction of the fingerprint and arrest card relating to this matter."

### III. OPINION

The Court first addresses Defendant's request to have the dismissal of her federal charges (indictment) properly entered into the system. As set forth above, the docket sheet reflects (and has since at least January 10, 2011, the day Defendant filed her motion), that the indictment against Defendant was dismissed on August 28, 1995. *See* Docket Entry 73 and the Docket Sheet info pertaining to Defendant. Accordingly, the Court denies as moot Defendant's request to have the dismissal of the federal charges against her properly entered into the system.

Defendant next asks the Court to order the destruction of her fingerprints and arrest card. Although she does not specify a reason for this request, it appears that she is basing her request on the fact that she did not commit the crime and was not found guilty of any offense(s) charged in this case. Defendant does not cite any authority to support why her request should be granted, and the Court has found no case or statutory law that authorizes the Court to order the destruction of Defendant's fingerprint and arrest card under the circumstances of this case. In fact, as set forth by the government, the Sixth Circuit Court of Appeals has ruled that the proper collection,

classification, maintenance and preservation of criminal history information (such as records of indictments, dates of arrest, arrest charges and dispositions, as well as the proper operation of "a computerized nationwide index of law enforcement information") fall within the jurisdiction of the executive branch of government, not the judiciary. *United States v. Lucido*, 612 F.3d 871, 875 (6th Cir. 2010). If this Court were to grant Defendant's request to destroy her fingerprint and arrest card, the Court's actions "would amount to an extraordinary inter-branch incursion, one that should not lightly be effectuated through the federal courts' unexceptional right to oversee their own criminal cases." *Id.* Accordingly, the Court also denies Defendant's request to order the destruction of her fingerprint and arrest card.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Dismiss and for Destruction of Fingerprints and Arrest Card (Docket #169) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 5, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 5, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290